## CARCELLI v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.

### No. 1528.

District Court, W. D. Pennsylvania.

Nov. 10, 1942.

Sachs & Caplan, of Pittsburgh, Pa., R. Herbert Buchman, of Blairsville, Pa., and William Kahanowitz, of Greensburg, Pa., for plaintiff.

Bresci R. P. Leonard, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The defendant has moved for judgment under Rules of Civil Procedure, Rule 12(b) (5) and 12(b) (6), 28 U.S.C.A. following section 723c, or for a more definite Statement under Rule 12(e).

The defendant is an Ohio corporation and plaintiff a resident of Pennsylvania. The summons was served upon one J. C. Byers, described as Secretary-Treasurer of Indiana, Penn'a Council No. 598, in Indiana, Pennsylvania. The service was insufficient, but its insufficiency has been waived by defendant, as by counsel it appeared generally in the Court of Common Pleas of Indiana County (in which court suit was begun), and caused the action to be removed to this court. Having submitted itself to the jurisdiction of the

434

Court of Common Pleas and this court it cannot now question the service.

The second reason advanced by defendant in support of its motion for judgment is entirely technical and is based upon the following provision in the Insurance Certificate issued to John Louis Carcelli:

"This Certificate, the Constitution, By-Laws and Articles of Incorporation of said Order, together with the application for insurance signed by said Insured Member, shall constitute the contract between said Order and said Insured Member and shall govern the payment of benefits, and any changes, additions or amendments to said Constitution, By-Laws or Articles of Incorporation, hereafter duly made, shall bind said Order and said Insured Member and his beneficiary or beneficiaries, and shall govern and control the contract in all respects."

The quite evident design of the foregoing provision is to make difficult any action against the defendant. In the present matter the complainant did not attach to her complaint the Constitution, By-Laws and Articles of Incorporation, nor did the defendant to the Insurance Certificate issued by it.

■ The present action is one brought in a Pennsylvania court, and the law of this forum governs the remedy and all matters of procedure relating thereto. 15 C.J.S., Conflict of Laws, § 22 and notes. Therefore the form of the action and the rules of evidence are governed by Pennsylvania law, the public policy of which is declared by Section 11 of the Act of June 4, 1937, P.L. 1643 (40 P.S.Pa. § 1111):

"§ 1111. When application, constitution, by-laws and rules are considered part of policy

"All beneficial certificates issued by any beneficial society in which the application of the member, the constitution, by-laws or other rules of the society form part of the certificate or contract between the parties thereto, or have any bearing thereon, shall contain or have attached thereto correct copies of the application as signed by the applicant or the constitution, by-laws or other rules referred to, and, unless so attached and accompanying the certificate or contract, such application, constitution or by-laws or other rules shall not be received in evidence in any controversy between the parties to or interested in the certificate or contract, nor shall such application, constitution, by-laws or other rules be considered a part of the certificate or contract between such parties."

■ By the statute quoted the unattached Constitution, By-laws and Articles of Incorporation cannot be considered as part of the insurance contract nor received in evidence. The motion to dismiss the action upon this ground is without merit.

The motion to dismiss the action will be denied.

Defendant, in connection with its motion to dismiss, has moved for a more definite statement of claim. The 7th paragraph of the Complaint is as follows: "That on the second day of December, 1940, and while the said policy was in full force and effect, the said John Louis Carcelli received bodily injuries through accidental means alone, to-wit: while walking home from work, and proceeding through the park in the Borough of Ebensburg, Cambria County, Pennsylvania, slipped on the icy pavement and fell with great force and violence, striking his left shoulder, back and head upon the icy concrete pavement, from which said injuries the said John Louis Carcelli, on the second day of December, 1940, died."

■■ The paragraph sets forth a conclusion as to the cause of death, but no definite fact upon which the conclusion can be based. To enable the defendant to meet the Complaint it should set forth the injuries which resulted from the fall of the insured which "alone, and independent of all other causes", caused his death. This information could be obtained later by deposition, Rules 30 and 31, but, in the interest of timesaving, should be set out by the pleading.

A more definite statement will be ordered.